FILED

07/07/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0520

DA 25-0520

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 148N

TRACY D. SMITH,

      Plaintiff and Appellant,

  v.

LOURDES RUSSELL,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2024-435
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tracy D. Smith, Self-Represented, Lincoln, Montana

      For Appellee:

          James Reavis, Reavis Law, PLLC, Billings, Montana

                         Submitted on Briefs:  June 3, 2026

                                    Decided:  July 7, 2026

Filed:

                        _____
                                 Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tracy Smith appeals pro se from two orders of the Montana First Judicial District Court. The first affirmed the Lewis and Clark County Justice Court of Record's dismissal of Smith's covenant-enforcement action against Lourdes Russell. The second affirmed the Justice Court's attorney fee and cost sanction against Smith. Russell requests appellate sanctions and a remand for determination of the attorney fees and costs she incurred responding to this appeal. We affirm both District Court orders and decline to impose sanctions.

¶3 On September 29, 2022, Smith filed a pro se complaint in the Lewis and Clark County Justice Court of Record. He alleged that Russell violated the Elk Trail Park protective and restrictive covenants by keeping horses on her property and by building a garage that violated the setback provisions for "main building[s]." Smith sought enforcement of the covenants as to both the horses and the garage.

¶4 Russell filed an answer in which she denied any covenant violation; asserted defenses; and requested dismissal, costs, and attorney fees. In November 2022, Smith filed a handwritten petition asking to move the case to district court because he believed the

Justice Court was biased. The Justice Court held a hearing on Smith's request on December 7, 2022, and set a scheduling conference for December 19, 2022.

¶5 At the December 7 hearing, the parties discussed mediation. Russell thereafter filed an unopposed motion to schedule mediation and continue the scheduling conference. On December 19, 2022, the Justice Court issued an order in which it continued the proceedings, ordered the parties to complete mediation within 60 days, and reset the scheduling conference for February 27, 2023. The parties did not resolve the dispute at mediation.

¶6 Smith did not appear at the February 2023 scheduling conference. On March 6, 2023, Russell filed a motion to dismiss and supporting brief. Russell certified service on Smith by mail at his Elk Trail Loop address.

¶7 Instead of responding to Russell's motion to dismiss, Smith filed a Motion for Order on May 1, 2023. In the motion, Smith asked the Justice Court to order Russell to remove the horses before trial, but he did not address Russell's motion to dismiss. Russell responded that Smith's motion lacked merit, noted that Smith had not responded to the motion to dismiss, and requested attorney fees and costs. The Justice Court set a hearing on the motion to dismiss for June 5, 2023. By that hearing, Smith had retained counsel.

¶8 On June 5, 2023, the parties appeared with counsel. The parties addressed Russell's motion to dismiss and Smith's Motion for Order. Smith's attorney responded to Russell's dismissal arguments. Russell's attorney advised the Justice Court that the mailed motion had not been returned as undeliverable. The Justice Court did not dismiss the complaint at that hearing. Instead, it ordered the parties to attempt mediation within thirty days and

3

advised them that, if they could not reach an agreement, the court would "make a decision on how to proceed from there."

¶9 Immediately following the June 5, 2023 hearing, the Justice Court denied Smith's Motion for Order. The court found that Smith "failed to respond to the motion to dismiss," had not "actively pursued" the action, filed motions "in retaliation that have no legal foundation," and did not "respond to opposing parties' motions, nor attend scheduling conferences." Based on these findings, the Justice Court concluded Smith's Motion for Order was "meritless and frivolous" and awarded attorney fees to Russell as a sanction.

¶10 The Justice Court issued a written mediation order on June 16, 2023. The court stated that neither party had convinced it "beyond a preponderance of the evidence that either side should prevail." It ordered the parties to mediate within thirty days and stated that, if they could not reach an agreement, it would "set the cause for a hearing and/or take the case under advisement and enter a judgment." On January 30, 2024, Smith's attorney moved to withdraw. The Justice Court granted the motion on February 28, 2024.

¶11 On May 21, 2024, over nine months after the mediation deadline expired, Smith filed a letter asking the court "for the second time" to issue an "injunction/ or order" requiring Russell to remove the horses from her property. Smith did not ask the court to compel mediation, seek a trial, oppose dismissal, or otherwise seek to move the case forward. Although Smith stated Russell's attorneys had not contacted him about mediation, he did not describe any affirmative actions he had taken to comply with the Justice Court's mediation order. On June 12, 2024, the Justice Court dismissed the case with prejudice stating that it had received no information from either party on the status of

4

mediation or the case generally, that neither party had moved for further action, and that neither party had provided further argument or information. Smith appealed to the District Court later that month.

¶12 On September 11, 2024, the District Court affirmed the Justice Court's dismissal, noting Smith's appeal cited "no document from Justice Court, no legal authority, not even the covenants purportedly at issue." On December 16, 2024, Russell filed a Motion for Attorney Fees and Costs with an accompanying attorney affidavit detailing billing and costs. The Justice Court granted Russell's request for attorney fees and costs on December 30, 2024. Smith appealed the Justice Court's fees and costs order on January 10, 2025. On July 8, 2025, the District Court affirmed the Justice Court's attorney fees and costs award.

¶13 This Court reviews a district court's decision on an appeal from a justice court of record as if the appeal had been originally filed in this Court. *Hennon v. Weber*, 2025 MT 260, ¶ 11, 425 Mont. 14, 579 P.3d 151; *Stanley v. Lemire*, 2006 MT 304, ¶¶ 24-26, 334 Mont. 489, 148 P.3d 643. The District Court's review is limited to the record and questions of law when it acts as an intermediate appellate court on appeal from a justice court of record. Section 3-10-115(1), MCA; *Stanley*, ¶¶ 24-26. We independently review the Justice Court's record and apply the same standards the District Court should have applied. *Stanley*, ¶¶ 24-26. This Court reviews findings for clear error, discretionary rulings for abuse of discretion, and legal conclusions de novo. *Stanley*, ¶¶ 24-26.

¶14 Whether a court has authority to award attorney fees is a question of law reviewed de novo for correctness. *Apecella v. Overman*, 2025 MT 219, ¶ 28, 424 Mont. 202,

5

577 P.3d 133. A court's decision to impose attorney fees as a sanction is reviewed for abuse of discretion. *Foy v. Anderson,* 176 Mont. 507, 512, 580 P.2d 114, 117 (1978); *Motta v. Granite Cnty. Comm'rs,* 2013 MT 172, ¶ 29, 370 Mont. 469, 304 P.3d 720. This Court generally defers to the discretion of the court imposing sanctions regarding sanctions because it is in the best position to know whether parties are disregarding the rights of others and which sanction is most appropriate. *Estate of Boland*, 2019 MT 236, ¶ 21, 397 Mont. 319, 450 P.3d 849.

**The Justice Court of Record properly dismissed the complaint**

¶15 Smith argues the Justice Court dismissed his complaint without notice or a fair opportunity to be heard. Procedural due process requires notice and an opportunity to be heard. *City of Missoula v. Mountain Water Co.*, 2016 MT 183, ¶ 25, 384 Mont. 193, 378 P.3d 1113. Smith relies on the principle that a court should not dismiss a case sua sponte without first affording a litigant notice and an opportunity to be heard. *See Spencer v. Beck,* 2010 MT 256, ¶ 16, 358 Mont. 295, 245 P.3d 21. The record does not show the type of surprise dismissal *Spencer* cautions against.

¶16 The Justice Court gave Smith several opportunities to advance his covenant claim. It held a December 7, 2022 hearing after Smith asked to move the case to district court. It ordered mediation and continued the scheduling conference to February 27, 2023. Smith did not appear at that scheduling conference.

¶17 Russell then filed a motion to dismiss and certified service by mail. Smith asserts he did not receive the motion. The record nevertheless reflects that the Justice Court held

6

a June 5, 2023 hearing at which Smith appeared with counsel and addressed Russell's dismissal arguments.

¶18     The June 5 hearing did not end in dismissal of the complaint. Instead, the Justice Court denied Smith's interim Motion for Order, awarded attorney fees as a sanction on that motion, and directed the parties to mediate. The court's written mediation order gave the parties thirty days to attempt resolution and advised that, absent agreement, the court would "set the cause for a hearing and/or take the case under advisement and enter a judgment." Smith took no action to request trial, compel mediation, or seek a ruling for more than nine months after the mediation period expired. His May 21, 2024 letter asked the Justice Court to order Russell to remove the horses, but it did not request a hearing, ask the court to compel mediation, or otherwise identify a procedural step that would move the case toward resolution. The Justice Court dismissed the complaint on June 12, 2024, after approximately one year had passed, on the stated ground that the parties had not moved the case forward following the mediation order. That record supports dismissal for failure to pursue the action and does not show a denial of due process.

¶19     Smith's argument that he lacked notice of the motion to dismiss does not establish reversible error. Even accepting that Smith disputes receipt of the mailed motion, he appeared with counsel at the June 5 hearing, his attorney addressed Russell's dismissal arguments, and the Justice Court did not dismiss the complaint until a year later. Smith therefore had notice that dismissal remained at issue and had an opportunity to request further proceedings after mediation failed.

7

¶20 *Spencer* is distinguishable. There, the Court cautioned against sua sponte dismissal without affording a litigant an opportunity to be heard. *Spencer*, ¶ 16. Here, Russell filed a motion to dismiss, the Justice Court held a hearing at which Smith appeared through counsel, the court ordered mediation rather than immediately dismissing the case, and the court later dismissed only after prolonged inactivity. *Spencer* does not require reversal on this record.

¶21 Smith has not shown that the Justice Court denied him notice or an opportunity to be heard. Russell filed a motion to dismiss; Smith appeared with counsel at the June 5 hearing; the Justice Court ordered mediation rather than dismissing the complaint at that hearing; and the written mediation order advised the parties that, if they could not reach agreement, the court could set a hearing or take the matter under advisement and enter judgment. Smith then allowed the case to sit for approximately one year without asking the court to compel mediation, set trial, rule on the pending motion, or otherwise move the case forward. The District Court therefore correctly affirmed the Justice Court's dismissal.

**Smith has not shown reversible error in the attorney fees and costs sanction**

¶22 The Justice Court addressed attorney fees as a sanction. Its June 5 order denied Smith's Motion for Order, found the motion "meritless and frivolous," found "no legal basis requiring the removal of the horses," and awarded attorney fees to Russell. The order cited *Foy*, 176 Mont. at 512, 580 P.2d at 117, and *Motta*, ¶ 29. The order did not award fees merely because Russell prevailed on the underlying covenant dispute. It awarded fees after finding that Smith's Motion for Order and related motion practice lacked legal foundation. A court may impose attorney fees as a sanction when a party must defend

8

against a meritless and frivolous claim or motion. *Foy*, 176 Mont. at 512, 580 P.2d at 117. A fee sanction is determined case by case. *Motta*, ¶ 29. Here, the Justice Court made sanction-specific findings. It found that Smith failed to respond to Russell's motion to dismiss, had not actively pursued the action, filed motions "in retaliation that have no legal foundation," and did not respond to motions or attend scheduling conferences. It further found that Smith's Motion for Order sought an order requiring removal of the horses before trial without any legal basis. Those findings support the Justice Court's decision to impose a fee sanction tied to Smith's Motion for Order and related unsupported motion practice.

¶23 Smith challenges the fee and cost sanction, but only in general terms. He asserts that Russell used the same lawyer for other legal issues and that he should not have to pay Russell's attorney fees. He does not identify a specific billing entry that the Justice Court improperly included, does not point to a preserved objection to the fee affidavit, and does not develop a legal argument showing that the Justice Court lacked sanction authority under *Foy* and *Motta* or abused its discretion in imposing a sanction.

¶24 The amount of the sanction also does not warrant reversal on this record. The Justice Court later quantified the award after Russell submitted fee materials. Smith's challenge to the amount remained conclusory. The District Court found that Smith made no substantial or credible argument that the fee and cost award was erroneous and that substantial credible evidence supported the Justice Court's determination. Under abuse of discretion review, Smith has not shown that the Justice Court exceeded the bounds of reason or caused substantial injustice.

¶25 Smith's failure to file the undertaking required for an appeal from the December 30, 2024 money judgment provides an additional basis to affirm the District Court's July 8, 2025 order. Section 3-10-115(4), MCA, makes the Montana Uniform Municipal Court Rules of Appeal to District Court applicable to appeals from a justice court of record to district court. Rule 6(a)(1) provides that, absent an applicable exception, an appeal from a civil money judgment is not effectual unless the appellant files the required undertaking. This undertaking defect provides an independent basis to affirm the District Court's July 8, 2025 order affirming the fee-and-cost judgment; the underlying dismissal is affirmed for the reasons discussed above.

¶26 The Justice Court's December 30, 2024 fees and costs order was a money judgment. Smith does not dispute that he filed no undertaking, and he identifies no indigency determination or other exception to the undertaking requirement. This Court expects "all litigants, including those acting pro se, to adhere to procedural rules." *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986). Based on the record before this Court, the District Court therefore correctly affirmed the Justice Court's attorney fees and costs sanction.

**Appellate sanctions are not warranted**

¶27 Russell requests appellate sanctions under M. R. App. P. 19(5). That rule permits this Court to award sanctions when an appeal is frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. M. R. App. P. 19(5). We exercise that authority cautiously. *Helvik v. Tuscano,* 2025 MT 150, ¶ 38, 423 Mont. 85, 571 P.3d 1058. We impose sanctions only when "the appeal is entirely

unfounded and intended to cause delay, or where counsel's actions otherwise constitute an abuse of the judicial system." *Helvik*, ¶ 38.

¶28 Although Smith's appeal is procedurally deficient and ultimately unsuccessful, it is not so wholly lacking in substance as to warrant appellate sanctions. *See* M. R. App. P. 19(5); *Helvik*, ¶ 38. Smith argued that the Justice Court dismissed his complaint without notice and an opportunity to be heard. That argument fails on this record, but it concerns a fundamental procedural protection. *See City of Missoula*, ¶ 25; *Spencer*, ¶ 16. We therefore deny Russell's request for sanctions under M. R. App. P. 19(5).

¶29 In sum, we affirm the District Court's September 11, 2024 order affirming dismissal of Smith's covenant action. We also affirm the District Court's July 8, 2025 order affirming the Justice Court's attorney fee and cost sanction. Smith has not shown reversible error, and his failure to file the required undertaking independently supports affirmance of the fees and costs judgment. Russell's request for appellate sanctions is denied.

¶30 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. In the opinion of the Court, the case presents questions controlled by settled law or by the clear application of applicable standards of review.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE